IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANGELA FERNANDEZ,** | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| **EQUIFAX INFORMATION** | : | |
| **SERVICES LLC, et al.,** | : | NO. 03-4377 |

## MEMORANDUM ORDER

Presently before this Court is Defendants MBNA America Bank, N.A. ("MBNA"), Equifax Information Services, LLC ("Equifax"), and Trans Union LLC's ("Trans Union") (collectively, "Defendants") Motion to Transfer Venue to the Middle District of Florida, Orlando Division (Dkt. No. 20). For the reasons discussed below, Defendants' Motion is Denied.

### I. Background

Plaintiff Angela Fernandez ("Plaintiff") is an individual who resides in Port Orange, Florida. MBNA is organized and has its principal place of business in Delaware. Equifax is organized and has its principal place of business in Georgia. Trans Union is a Delaware limited liability company with its principle place of business in Illinois and offices in Chester County, Pennsylvania. This action arises out of Defendants alleged violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq.

Defendants move pursuant to 28 U.S.C. § 1404 to transfer venue of this action from this Court to the United States District Court for the Middle District of Florida, Orlando Division. In their motion, Defendants argue that the convenience of the parties and witnesses, and the interest of justice are better served by a transfer to the Middle District of Florida, Orlando

Division because: (1) there is no connection between Plaintiff's claims and the Eastern District of Pennsylvania other than her attorneys, Francis & Mailman, P.C.; (2) the material events giving rise to this suit must have occurred in Middle District of Florida; (3) but for one Trans Union corporate representative who must be present at trial regardless of venue, no material witnesses or evidence are located in the Eastern District of Pennsylvania; (4) Plaintiff is not a resident of the Eastern District of Pennsylvania; and (5) two of the three Defendants have no offices in the Eastern District of Pennsylvania. In her opposition to Defendants' Motion, Plaintiff argues that her choice of venue should not be disturbed because: (1) the material events giving rise to this suit occurred in the Eastern District of Pennsylvania; (2) two of the three Defendants and third party Cendant Mortgage are within the subpoena power of this Court; and (3) Defendants fail to identify any witnesses or evidence located in the Middle District of Florida.

### III. Analysis

A district court may transfer a case to any other district where the suit might have been brought "[f]or the convenience of the parties and witnesses, in the interest of justice . . ." 28 U.S.C. § 1404(a). When deciding a *forum non conveniens* motion, the court must "consider all relevant factors to determine whether on balance the litigation would conveniently proceed and the interest of justice be better served by transfer to a different forum." Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995) (citations omitted).

The moving party bears the burden of establishing the need for a transfer by demonstrating that "(1) the case could have been brought initially in the proposed transferee forum, (2) the proposed transfer will be for the convenience of the parties, (3) the proposed transfer will be in the interests of the convenience of the witnesses, and (4) the proposed transfer

will be in the interests of justice." Miller v. Consol. Rail Corp., 196 F.R.D. 22, 24-25 (E.D. Pa.2000). Furthermore, because Plaintiff's choice of forum is to be given considerable weight, this burden is greater than a mere preponderance of the evidence. See Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970) ("It is black letter that a Plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request, and that choice should not be lightly disturbed. . . . Unless the balance of the convenience of the parties is strongly in favor of the Defendant, the Plaintiff's choice of forum should prevail.").

The Court concludes that Defendants have not met their burden. They have not presented sufficient evidence demonstrating that this action could be more conveniently tried in the Middle District of Florida. Two of the three Defendants and third party Cendant Mortgage are located within 100 miles of the Court. Only Equifax is more than 100 miles away. But Equifax must travel by air to reach either district. Indeed, Plaintiff is the only party who would benefit from the transfer of this action. Plaintiff, however, has chosen to prosecute her case in this District and that choice is given great weight.

ACCORDINGLY, this     day of January, 2004, upon consideration of Defendant MBNA America Bank, N.A., Equifax Information Services, LLC, and Trans Union LLC's Motion to Transfer Venue to the Middle District of Florida (Dkt. No. 20), and Plaintiff Angela Fernandez's response thereto, it is hereby ORDERED that Defendants' Motion is **DENIED**.

By the Court,

Legrome D. Davis, J.